Jones, J.
 

 This cause originated in the court of common pleas where Frances Puttman filed her petition against the Industrial Commission, praying for the allowance of funeral expenses paid by her for the burial of her deceased brother. The court overruled the commission’s demurrer to the petition, found the reasonable value of the funeral expenses to be $150, and rendered judgment for that amount and also for an attorney’s fee. The Court of Appeals affirmed. Certification for review was allowed by this court.
 

 The facts contained in the petition, which present the legal question, may be briefly stated. The petition alleges that the plaintiff’s brother was injured in the course of his employment and died on February 18, 1929. The sister, who is not alleged to have been a dependent, paid his funeral expenses amounting to $210.70, which she averred were reasonable. She made application to the commission for the payment of her claim, but the commission refused its allowance on the ground that the proof did not show that her decedent’s death resulted from an injury received in the course of his employment. Other facts are also pleaded in the petition which need not be alluded to since they are not necessary to the decision of the case. One of the legal contentions presented by the commission is: That the sister is a mere creditor or volunteer and therefore has no right to be directly paid out of the fund, under the Workmen’s Compensation Act. Counsel for defendant in error claims, and apparently his contention was adopted by the courts below, that under Section 1465-89, General
 
 *10
 
 Code, funeral expenses are not compensation and their payment is required whether there be a dependent or not. To that proposition we agree, but it is not decisive of the question before us. These expenses must be paid out of the fund, and it has been frequently held by this court that its distribution lies exclusively with the Legislature. The commission is endowed with the power of adopting rules controlling the forms of applications for those who apply for compensation or other benefits from the fund. In compliance with such authority the commission adopted a rule that applications for award in all cases of injury resulting in death ‘ ‘ shall be filed * * * by the employer, physician or undertaker, where there are no dependents.” This rule connotes that if there are dependents they may make application for an award out of the fund for the payment of funeral expenses.
 

 The trial court held that the commission’s rule was contrary to law. We think otherwise — that such a rule is consonant with the spirit of the legislation controlling the distribution of the fund in requiring claims of this character to be presented
 
 either
 
 by
 
 the
 
 person who incurred the expense or by a dependent of the deceased. In this instance the sister’s payment ex-ceded the legal limit permitted for funeral expenditure by paying therefor more than the statute permitted, and more than the court allowed. She assumed the attitude of a mere volunteer attempting to occupy an advantage given only those who have a direct claim upon the fund under the statute; she did not seek recovery as a dependent. The rule of the commission is both wise and reasonable. The dependent may, in addition to his claim for compensation, unite a claim for the payment of funeral expenses and thus dispose of both claims in a single proceeding; otherwise two proceedings would be required, one for compensation by the dependent and another by the undertaker for the funeral expenses.
 

 
 *11
 
 In
 
 State, ex rel. City of Bucyrus,
 
 v.
 
 Industrial Commission,
 
 121 Ohio St., 504, 169 N. E., 568, where the city attempted to collect medical services from the fund, this court in its
 
 per curiam
 
 said: “We know of no law authorizing the city of Bucyrus to collect from the commission amounts to meet the hills for medical services * * * notwithstanding the fact that these services were rendered at the solicitation of the city.”
 

 For the reasons stated the judgments of the lower courts will be reversed and final judgment rendered in favor of the plaintiff in error.
 

 Judgment reversed.
 

 Matthias, Kinkade and Stephenson, JJ., concur.